UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY NARVAEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>WEBMD, LLC and MOUSEFLOW, INC.,<br><br>        Defendants. | No. 2:20-cv-02305-TLN-KJN<br><br>**RELATED CASE ORDER** |
| BRIAN SACCO,<br><br>        Plaintiff,<br><br>    v.<br><br>BLIZZARD ENTERTAINMENT, INC. and MOUSEFLOW, INC.,<br><br>        Defendant. | No. 2:20-cv-02330-MCE-DB |

    Defendant filed a Notice of Related Cases in the above-captioned action on January 29, 2021.  (ECF No. 14.)  Examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123 (E.D. Cal. 1997).  Pursuant to Rule 123 of the Local Rules of the United States District Court for the Eastern District of California, two actions are related

1

when they involve the same parties and are based on the same or similar claim(s); when they involve the same transaction, property, or event; or when they "involve similar questions of fact and the same question of law and their assignment to the same Judge . . . is likely to effect a substantial savings of judicial effort." L.R. 123(a).  Further,

> [i]f the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

L.R. 123(c).

Here, the actions are brought against the same Defendant: Mouseflow, Inc.  The actions assert identical causes of action under the California Invasion of Privacy Act.  The cases involve the same legal issues and substantially the same transactions or events.  In short, both lawsuits allege liability based on the deployment of Mouseflow, Inc.'s software on certain retailers' websites.  Consequently, assignment to the same judge would "effect a substantial savings of judicial effort." L.R. 123(a), *see also* L.R. 123(c).

Relating the cases under Local Rule 123, however, merely has the result that both actions are assigned to the same judge, it does not consolidate the actions.  Under the regular practice of this Court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned.  Should any party wish to consolidate the actions, the appropriate motion or stipulation must be filed.

IT IS THEREFORE ORDERED that the action denominated 2:20-cv-02330-MCE-DB is reassigned to District Judge Troy L. Nunley and Magistrate Judge Kendall J. Newman, and the caption shall read, 2:20-cv-02330-TLN-KJN.  Any dates currently set in the reassigned case are hereby VACATED, and the parties are ordered to refile any pending motions before this Court.

The Clerk of the Court is to issue the Initial Pretrial Scheduling Order.

IT IS SO ORDERED.

DATED: February 12, 2021

Troy L. Nunley
United States District Judge